UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTIAGO GARCIA MARTINEZ,<br>Petitioner,<br>v.<br>WARDEN, MESA VERDE DETENTION FACILITY,<br>Respondent. | Case No. 1:26-cv-6368-DAD-JDP<br><br>ORDER; FINDINGS AND RECOMMENDATIONS |

Petitioner, proceeding pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2241, arguing that his prolonged detention without a bond hearing violates the Fifth Amendment. Respondent argues that petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(B) based on a prior conviction. For the following reasons, I recommend that the petition be granted and that a bond hearing be ordered.

**Background**

Petitioner was admitted to the United States on December 1, 1990, as a lawful permanent resident. ECF No. 7 at 8. In August 2022, petitioner was convicted of resisting an officer with violence, improperly exhibiting a firearm or dangerous weapon, and aggravated battery on a law enforcement officer, all felonies, and sentenced to 48 months in prison. *Id.* at 18, 88.

On July 29, 2024, ICE encountered petitioner while he was serving his prison sentence and issued him a notice to appear in immigration court. *Id.* at 95. The notice to appear charged that petitioner was subject to removal because he had been convicted of an aggravated felony for which he had received a term of at least one year. *Id.* ICE took petitioner into custody on August 13, 2024. *Id.*at 100. Petitioner requested a bond hearing in immigration court, but the immigration judge denied the request based on petitioner's mandatory detention for a conviction for a crime of violence. *Id.* at 105.

On September 30, 2025, an immigration judge ordered petitioner removed and denied all forms of relief. *Id.* at 108-22. The immigration judge found that petitioner's conviction for resisting an officer with violence constitutes an aggravated felony. *See id.* at 113-14. Petitioner appealed the removal order to the Board of Immigration Appeals ("BIA"), and the appeal is still pending. *Id.* at 124. The EOIR Automated Case Information System shows that petitioner submitted a brief to the BIA on June 23, 2026, *see* https://acis.eoir.justice.gov/en/ (last checked Oct. 23, 2026), but that the government did not submit a brief in accordance with the briefing schedule. *See* ECF No. 7 at 128.

**Procedural History**

On August 10, 2026, petitioner filed a petition for writ of habeas corpus. ECF No. 1. Respondent moved to dismiss on August 24, 2026. ECF No. 7. Although I ordered that petitioner must file an opposition or statement of non-opposition within seven days of service of respondent's motion, petitioner has not filed a response. *See* ECF No. 4. However, it bears mention that petitioner is representing himself while in custody. Under these circumstances, I do not construe petitioner's failure to file an opposition as a non-opposition to respondent's motion. *See* E.D. Cal. L.R. 230(c).

Petitioner filed a motion to proceed *in forma pauperis*, ECF No. 9, which is granted. Petitioner also filed a motion for appointment of counsel. ECF No. 10. There currently exists no absolute right to appointment of counsel in habeas proceedings. *See Nevius v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996). Under 18 U.S.C. § 3006A, the court can appoint counsel at any stage of the case "if the interests of justice so require." *See* Rule 8(c), Fed. R. Governing § 2254 Cases. I

do not find that the interests of justice require appointment of counsel at the present time. Petitioner's motion to appoint counsel is therefore denied.

**Legal Standard**

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law. 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**Analysis**

Petitioner claims that his prolonged detention without a bond hearing violates due process.[1] ECF No. 1 at 11. Respondent moves to dismiss the petition on the ground that petitioner's detention is mandatory under 8 U.S.C. § 1226(c)(1)(B) because his criminal history includes an aggravated felony. ECF No. 7 at 2-3. Respondent also argues that petitioner's mandatory detention has not become unconstitutionally prolonged. *Id.* at 5.

In analyzing petitioner's challenge to his detention, the court must first identify the statutory provision that confers authority for his detention. *Prieto-Romero v. Clark*, 534 F.3d 1053, 1057 (9th Cir. 2008); *Solorzano-Ramirez v. Warden*, No. 1:26-cv-2540-DC-CSK, 2026 WL 1257256, at *2 (E.D. Cal. May 7, 2026). Petitioner does not challenge section 1226(c)(1)(B) as the statutory ground for his mandatory detention. An immigration judge has found that petitioner has been convicted of an aggravated felony. *See* ECF No. 7 at 113-14. Pursuant to section

[1] Petitioner's pro se filing is entitled to liberal construction. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Charan S. v. Warden of the Cal. City Det. Facility*, No. 1:26-cv-3017-TLN-JDP, 2026 WL 1144158, at *1 n.1 (E.D. Cal. Apr. 28, 2026) (applying liberal construction to pro se immigration habeas filing).

1226(c), "detention is mandatory, and a noncitizen of the United States . . . therefore is not statutorily entitled to a bond hearing." *Avilez v. Garland*, 69 F.4th 525, 529 (9th Cir. 2023); *see* 8 U.S.C. § 1226(c)(1); *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018).

This does not end the inquiry, however, because petitioner has raised a due process claim. While the Supreme Court has rejected a facial challenge to mandatory detention under section 1226(c) in *Demore v. Kim*, 538 U.S. 510 (2003), an as applied challenge is not foreclosed. In addition, "[t]he Ninth Circuit has yet to take a position on whether due process requires a bond hearing for noncitizens detained under 8 U.S.C. § 1226(c)." *Loba L.M. v. Andrews*, No. 1:25-cv-00611-JLT-SAB, 2025 WL 2939178, at *4 (E.D. Cal. Oct. 16, 2025), *report and recommendation adopted*, 2025 WL 3187577 (E.D. Cal. Nov. 14, 2025). "[T]he First, Second, and Third Circuits have found that 'the Due Process Clause imposes some form of 'reasonableness' limitation upon the duration of detention . . . under [that section].'" *Id.* at *5 (quoting *Reid v. Donelan*, 17 F.4th 1, 7 (1st Cir. 2021); *see also Black v. Decker*, 103 F.4th 133, 138 (2d Cir. 2024); *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 209-10 (3d Cir. 2020) (holding that after *Demore* and *Jennings*, petitioners detained pursuant to § 1226(c) can still bring as-applied challenges to their detention and that due process affords them a bond hearing once detention becomes unreasonable).

"[E]ssentially all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, 'will—at some point—violate the right to due process.'" *Martinez v. Clark*, No. 2:18-cv-1669-RAJ, 2019 WL 5968089, at *6 (W.D. Wash. May 23, 2019), *report and recommendation adopted*, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019) (citation omitted); *see also Loba L.M.*, 2025 WL 2939178, at *5; *Solorzano-Ramirez*, 2026 WL 1257256, at *2; *Keo v. Chestnut*, No. 1:26-cv-01192-DJC-CSK, 2026 WL 747117, at *2 (E.D. Cal. Mar. 17, 2026). As noted in *Rakeshkumar H.P. v. Warden*, No. 1:26-cv-02869-MWJS, 2026 WL 1146201, at *1-2 (E.D. Cal. Apr. 28, 2026), "Judges have reached different conclusions about what standards ought to govern constitutional challenges of [this] sort." *See also Keo*, 2025 WL 1029392, at *5 (collecting cases).

Petitioner argues for a bright line six-month standard that is not supported by controlling precedent. *See* ECF No. 1 at 8. After *Demore*, the Court of Appeals held that mandatory detention under section 1226(c) has an implicit six-month limit, at which time the government must justify continued detention by clear and convincing evidence at a bond hearing. *Rodriguez v. Robbins*, 804 F.3d 1060, 1078-81 (9th Cir. 2015). But the Supreme Court reversed, finding that this statutory provision cannot reasonably be read to limit detention to six months. *Jennings v. Rodriguez*, 583 U.S. 281, 303-306 (2018). As the Court of Appeals noted on remand, however, the Supreme Court "declined to reach the constitutional question" and "instead chose to answer only the question whether the statutory text itself included a limit on prolonged detention or a requirement of individual bond hearings." *Rodriguez v. Marin*, 909 F.3d 252, 255 (9th Cir. 2018). "Since the *Rodriguez* remand, there has been a dearth of guidance regarding the point at which an individual's continued mandatory detention under Section 1226(c) becomes unconstitutional." *Lopez v. Garland*, 631 F. Supp. 3d 870, 876 (E.D. Cal. 2022) (internal quotation marks and citation omitted).

Because neither the Court of Appeals nor the Supreme Court have provided guidance explaining when a noncitizen's mandatory detention under section 1226(c) becomes unconstitutional, courts in this Circuit have used varied tests to determine whether due process requires a bond hearing. The three main tests are: (1) the general due process assessment under *Mathews v. Eldridge*, 424 U.S. 319 (1976); (2) the test announced in *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1118 (W.D. Wash. 2019); and (3) the test announced in *Lopez*, 631 F. Supp. 3d at 879, where the court determined whether prolonged mandatory detention under section 1226(c) violates the Due Process Clause by considering three factors: "the total length of detention to date, the likely duration of future detention, and the delays in the removal proceedings caused by the petitioner and the government."[2]

---

[2] The *Lopez* test utilizes three factors from the *Banda* test. *Lopez*, 631 F. Supp. 3d at 877-79. In *Banda*, to determine whether prolonged mandatory detention under section 1225(b) violates the Due Process Clause, the court also considered "the conditions of detention" and "the likelihood that the removal proceedings will result in a final order of removal." *Banda*, 385 F. Supp. 3d at 1118 (quoting *Jamal A. v. Whitaker*, 358 F. Supp. 3d 853, 858-59 (D. Minn. 2019)).

Petitioner does not address the various tests and instead defaults to an assessment under *Mathews*. *See* ECF No. 1 at 10-11. In the absence of binding authority instructing the court which test to employ, I analyze petitioner's claim under the *Lopez* test because that case dealt with the same statutory authority under which petitioner is detained. Moreover, "[w]hile the *Mathews* factors may be well-suited to determining whether due process requires a second bond hearing, they are not particularly probative of whether prolonged mandatory detention has become unreasonable in a particular case." *Banda*, 385 F. Supp. 3d at 1118. Similarly, the two factors employed in *Banda* but not *Lopez*—the conditions of detention and the likelihood that the removal proceedings will result in a final order of removal—"are not particularly suited to assisting the Court in determining whether detention has become unreasonable and due process requires a bond hearing." *Lopez*, 631 F. Supp. 3d at 879. Accordingly, petitioner's claim is analyzed under the three factors articulated in *Lopez*: (1) the total length of detention to date; (2) the likely duration of future detention; and (3) the delays in proceedings caused by petitioner and the government. I consider each factor in turn.

**I. Total Length of Detention**

Petitioner has been in immigration custody since August 13, 2024, a period of over twenty-six months. *See* ECF No. 7 at 100. "In general, as detention continues past a year, courts become extremely wary of permitting continued custody absent a bond hearing." *Gonzalez v. Bonnar*, No. 18-cv-5321-JSC, 2019 WL 330906, at *3 (N.D. Cal. Jan. 25, 2019) (collecting cases) (cleaned up). Here, petitioner has been in immigration custody over two years without a bond hearing. This factor weighs strongly in favor of petitioner.

**II. Likely Duration of Future Detention**

The court must next determine "how long the detention is likely to continue absent judicial intervention; in other words, the anticipated duration of all removal proceedings—including administrative and judicial appeals." *Banda*, 385 F. Supp. 3d at 1119 (cleaned up).

Petitioner appealed his immigration case to the BIA and filed his brief in June 2026. *See* https://acis.eoir.justice.gov/en/ (last checked Oct. 23, 2026). However, the government did not file its brief in accordance with the scheduling order. *See id.*; *see also* ECF No. 7 at 128.

Respondent has not explained why the government failed to file its BIA brief and does not discuss the impact of that decision on the pendency of the appeal. *See* ECF No. 7.

The pending BIA appeal warrants weighing this factor in petitioner's favor. *See Arido-Sorro v. Garland*, No. 23-cv-0842-PHX-JAT, 2024 WL 4393264, at *4 (D. Ariz. Sept. 5, 2024), *report and recommendation adopted*, 2024 WL 4834413 (D. Ariz. Nov. 20, 2024) ("Courts have recognized that the possibility of prolonged appeals weighs in favor of finding that continued detention without a bond hearing violates due process."); *Loba L.M. v. Andrews*, No. 1:25-cv-0611-JLT-SAB-HC, 2025 WL 2939178, at *6 (E.D. Cal. Oct. 16, 2025), *report and recommendation adopted*, 2025 WL 3187577 (E.D. Cal. Nov. 14, 2025) (finding that "[a]lthough future events are difficult to predict, the Court nevertheless finds that the pending appeal before the BIA and possible remand to the immigration court for further proceedings or possible judicial review by the Ninth Circuit will be sufficiently lengthy such that this factor weighs in favor of Petitioner"); *Bojorge-Sequeira v. Geo Grp. Inc.*, No. 2:25-cv-1807-KKE-GJL, 2026 WL 288378, at *5 (W.D. Wash. Jan. 15, 2026), *report and recommendation adopted*, 2026 WL 285657 (W.D. Wash. Feb. 3, 2026) (finding this factor weighed in favor of the petitioner who had appealed the Immigration Judge's decision to the BIA).

BIA appeals may take a substantial period. "Courts have found that pending administrative and possible Ninth Circuit appeals can be 'sufficiently lengthy' such that it favors Petitioner's ability to be heard." *Kaur v. Lyons*, No. 26-cv-0217-PHX-KML, 2026 WL 967846, at *5 (D. Ariz. Mar. 24, 2026), *report and recommendation adopted*, 2026 WL 963792 (D. Ariz. Apr. 9, 2026); *see also Abdul-Samed v. Warden of Golden State Annex Det. Facility*, No. 1:25-cv-0098-SAB, 2025 WL 2099343, at *7 (E.D. Cal. July 25, 2025) (citing *German Santos v. Warden*, 965 F.3d 203, 211 (3d Cir. 2020)); *Arechiga v. Archambeault*, No. 2:23-cv-0600-CDS-VCF, 2023 WL 5207589, at *4 (D. Nev. Aug. 11, 2023) ("It is anyone's guess how long it will take the BIA to reconsider [the] petition . . . or how long subsequent appeals of that decision might take.").

Accordingly, I find that the second factor weighs in favor of petitioner.

### III. Delays in Proceedings Caused by Petitioner and the Government

Lastly, the court must consider the nature and extent of delays caused by petitioner and the government. Respondent does not discuss this factor, nor does petitioner. *See* ECF No. 7; ECF No. 1. As there is no discussion of delays in the proceedings, I find that the third factor is neutral.

On balance, the total length of detention, "which is the most important factor," *see Banda*, 385 F. Supp. 3d at 1118, weighs strongly in favor of petitioner. The length of future proceedings also weighs in petitioner's favor. Accordingly, a weighing of the *Lopez* factors supports a finding that petitioner's detention without a bond hearing violates his Fifth Amendment Due Process rights.

Given this finding, I recommend that a constitutionally compliant bond hearing be ordered.

## Conclusion

Accordingly, it is hereby ORDERED that:

1. Petitioner's motion to proceed *in forma pauperis*, ECF No. 9, is GRANTED.

2. Petitioner's motion for the appointment of counsel, ECF No. 10, is DENIED.

Further, it is hereby RECOMMENDED that:

1. The petition for writ of habeas corpus, ECF No. 1, be GRANTED.

2. Respondent's motion to dismiss, ECF No. 7, be DENIED.

3. Within seven days of this order, petitioner (A-Number: 090-705-929) be provided a constitutionally sufficient bond hearing before a neutral adjudicator. Within 24 hours of the filing of the court's order, respondent shall personally serve petitioner with the court's order and file proof of such service on the docket. At this hearing, the government shall bear the burden of establishing, by clear and convincing evidence, that petitioner poses a danger to the community or a risk of flight, and petitioner shall be allowed to have counsel present.

4. The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within three days of

service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within three days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: November 9, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE